**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAMAR TARVER,<br><br>        Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>        Respondent. | CASE NO. 1:15-CV-532-LJO-SMS (HC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION |

Petitioner is a federal prisoner proceeding *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). Petitioner is incarcerated at a United States penitentiary in Atwater, California. However, because Petitioner challenges the conditions of his confinement, and not the fact or duration of his confinement, his petition does not state a cognizable claim for federal habeas relief and should be dismissed without prejudice to filing a civil rights action.

**COGNIZABILITY**

The Court is required to screen pleadings filed by prisoners, and to dismiss them to the extent they fail to state a claim. 28 U.S.C. § 1915A(a).

Under Section 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A Section 2241 habeas petition may be filed by a federal prisoner to attack the execution of his sentence. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004). A civil rights action, commonly called a *Bivens*

action, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement, not a habeas corpus proceeding. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *and see Love v. Matevousian*, 2015 U.S. Dist. LEXIS 109045; 2 (E.D. Cal. Aug. 18, 2015)(Section 2241complaint that prison officials tampered with the petitioner's mail challenged the conditions of confinement, which is cognizable in a civil rights action rather than a habeas corpus action); *Green v. Fox*, 2015 U.S. Dist. LEXIS 109131, *12 (C.D. Cal. Aug. 17, 2015)(the portion of a section 2241 petition related to disciplinary findings resulting in loss of privileges constitutes a conditions of confinement claim that must be raised as a *Bivens* claim, not in a Section 2241 habeas action because this alleged loss does not implicate the length or execution of the petitioner's sentence); *Sanders v. Ponce*, 2015 U.S. Dist. LEXIS 109095, *1 (E.D. Cal. Aug. 18, 2015)(petition brought under Section 2241 challenging conditions of confinement act is dismissed and advised to bring *Bivens* action); *Burnette v. Smith*, 2009 U.S. Dist. LEXIS 20219, *2 (E.D. Cal. Mar. 12, 2009)(a civil rights action, not habeas corpus proceeding under Section 2241, is the proper mechanism for prisoner's claims regarding transfer to medium-security institution, availability of law library, and prohibiting retaliation by prison officials); *and cf. Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (state prisoners should challenge conditions of confinement in a civil rights action under 42 U.S.C. § 1983 not in a habeas corpus proceeding).

     Here, Petitioner alleges that he has been obstructed in his ability to access the Bureau of Prisons administrative remedy process. He alleges that his records maintained in the Bureau of Prisons' files are inaccurate. Petitioner does not state in this petition what inaccuracy is being maintained. Seeking to address the inaccuracy, Petitioner attempted to file an informal complaint (BP-8 form) to a Counselor Hasset in March 2015. He expected to have a result within 72 hours. After a week, Counselor Hasset informed Petitioner that he had lost his form and asked him to file another, which Petitioner did. Petitioner was informed that his second form was lost. He submitted a third, to which no answer was received. Petitioner attempted to inform the warden and was directed to see the administrative remedy coordinator, who refused to accept his complaint. Petitioner then attempted to have his unit manager intervene, but with no avail. Petitioner requests

that this court direct the prison staff to process his complaint.

Petitioner does not challenge the fact or duration of his confinement; rather, he challenges the conditions of his confinement. Hence, he has not stated a cognizable claim for federal habeas relief. Petitioner is advised that a civil rights action is the proper mechanism under which to bring a challenge to the conditions of confinement.

**RECOMMENDATION**

Therefore, it is hereby RECOMMENDED that the petition be DISMISSED without prejudice to filing a *Bivens* civil rights action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 14, 2015**               **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

3